### CROSBY, adm'r, vs. BERGER and others, ex'rs.

The privilege of an attorney, or counsellor, extends to information derived from his client as such; either by oral communications, or from books or papers shown to him by his client, or placed in his hands in his character of attorney or counsel, by such client.

But the privilege does not extend to information derived from other persons, or other sources, although the information is derived or obtained while acting as such attorney or counsel.

Whether the privilege of an attorney or counsellor is not at an end when he becomes an executor and legatee of his client, by the appointment of the latter. *Quære?*

· THIS was an appeal by R. Lockwood, one of the defendants in this cause, from a decretal order of the vice chancellor of the first circuit, disallowing exceptions to a report, which report allowed the fourth and fifth exceptions to Lockwood's answer, for insufficiency. The bill was filed against Lockwood, as one of the executors and the principal legatee of Devine Duvet, to reach the property, in the hands of himself and his co-executors, which was alledged to have come to the hands of the testatrix as executrix of J. Balbi. The bill called for an account of the property which thus came to her hands. To this part of the bill the defendant Lockwood declined answering; and as an excuse for so doing, he stated, in his answer, that Duvet never filed any inventory, and that he acted as her attorney, solicitor and counsel;

and as such he derived all his knowledge and information of the amount and value and species of property left to her by Balbi. And as such confidential attorney, solicitor and counsel, he submitted to the court that he could not, without a violation of such professional confidence, discover the same, or make answer to that part of the discovery prayed for by the complainant. The neglect to answer this part of the bill formed the subject of the fourth exception to the answer. The fifth exception was for not answering as to the estate of Duvet which came to the hands of the defendants as her executors.

*R. Lockwood*, appellant, in person.

*B. F. Butler*, for the respondent.

THE CHANCELLOR. It is not necessary to examine the question as to the fifth exception, as that question was decided adversely to the appellant, in the case of *The Bank of Utica* v. *Messereau*, (7 *Paige's Rep.* 517.)

The appellant is under a mistake in supposing that an attorney or counsellor is privileged from answering as to every thing which comes to his knowledge while he is acting as attorney or counsel. The privilege only extends to information derived from his client, as such; either by oral communications, or from books or papers shown to him by his client, or placed in his hands in his character of attorney or counsel. Information derived from other persons, or other sources, although such information is derived or obtained while acting as attorney or counsel, is not privileged. (*Spenceley* v. *Schulenburgh*, 7 *East's Rep.* 357.) The object of the rule, protecting privileged communications from being disclosed by the attorney or counsel, is to secure to parties who have confided the facts of their cases to their professional advisers, as such, the benefit of secrecy in relation to such communications; so that the client may disclose the whole of his case to his professional adviser, without any danger that the facts thus communicated to his attorney or counsel will be used in evidence against him, without his own con-

sent. But the principle of the rule does not apply to the discovery of facts within the knowledge of the attorney or counsel, which were not communicated or confided to him by his client; although he became acquainted with such facts while engaged in his professional duty as the attorney or counsel of his client. (*See Coveney* v. *Tannahill,* 1 *Hill's Rep.* 33, *and cases there cited.*) Thus in the case of *Sawyer* v. *Burchmore,* (3 *Myl. & Keene,* 572,) Lord Cottenham, while master of the rolls, decided · that an attorney was bound to produce letters communicated to him from collateral quarters, and to answer as to matters of fact, as distinguished from matters communicated to him by his client in professional confidence. And the same principle was afterwards confirmed by him, as lord chancellor, in the more recent case of *Desborough* v. *Rawlins,* (3 *Myl. & Craig,* 515.) The decision of Lord Brougham, in the case of *Greenough* v. *Gaskell,* (1 *Myl. & Keene,* 98,) does indeed appear to extend the privilege further than the previous cases would warrant; and beyond the principle upon which the privilege is founded. But I think the true rule on the subject is to be found in the decisions of Lord Cottenham before referred to, in the able opinion of Mr. Justice Bronson, in the case of *Coveney* v. *Tannahill,* in our own supreme court, and in the recent opinion of Lord Langdale in *Robinson* v. *Flight,* in July last. (8 *Lond. Jurist Rep.* 888.)

In the present case, it may be true, as stated in the answer of Lockwood, that he derived all his knowledge and information as to the amount and value and species of property left to Duvet, by the will of Balbi, as her confidential attorney, solicitor and counsel; and yet he may not have obtained any part of that knowledge or information from her, either directly or indirectly. In the course of his professional duty he may have examined the public records and found deeds there, conveying real estate to Balbi; and he may have examined and ascertained, either by his own view or from the information of others, the situation and value of such real property. In the same way he may have ascertained that large amounts of stock were standing in the name of Balbi, upon the books of various corporations, at the time of his death, and the value of such stocks. And it is wholly improb-

able that the defendant, who admits he was the general attorney and solicitor of Duvet, has no knowledge or information as to the property of Balbi, except such as he has obtained from Duvet herself, in his character of attorney and counsel. The *fourth exception to the answer was therefore well taken ;* and it is not necessary to inquire whether Duvet's privilege was not at an end when Lockwood became her executor and legatee, by her own appointment.

The order appealed from must be affirmed with costs.