RANDOLPH *v.* QUIDNICK Co. and others.

*(Circuit Court, D. Rhode Island.* March 20, 1885.)

EVIDENCE—COMMUNICATIONS MADE TO COUNSELOR—WHEN PRIVILEGED.

Communications made to a counselor in the course of his professional employment, by persons other than the client or his agents, are not privileged. The rule extends only to communications made by or on behalf of the client.

In Equity. Opinion of court on request of the examiner for instructions.

*W. H. Baker,* for complainant.

*C. H. Parkhurst,* for respondent.

CARPENTER, J. This is a bill brought to determine the title to certain shares of the capital stock of the Quidnick Company. In the taking of the testimony before the examiner, Richard B. Comstock, Esq., a counselor at law, was called as a witness by the respondent. Having testified that he was of counsel for the complainant from some time in 1879 up to about December, 1883, he was asked the following questions:

"*Interrogatory* 3. Did you have any interview while you were counsel for Evan Randolph with Ex-Governor Sprague, with reference to 4,022 shares of the capital stock of the Quidnick Company, to which Evan Randolph claimed title? If so, please state fully what took place at these interviews, and when those interviews took place."

Counsel for the complainant objected to the questions on the ground that it called for the disclosure of a communication which was privileged; whereupon the witness declined to answer unless so instructed by the court. Having further stated that he received into his possession a certain certificate of stock in August, 1883, the witness was asked as follows:

"*Interrogatory* 6. Had you, previous to the delivery of said certificate to you, had any interviews with Ex-Governor William Sprague, or with Benjamin F. Butler, his counsel, or with Andrew B. Patton, also his counsel, concerning said certificate or the transfer of said shares? If so, please state what those interviews were, and where they took place."

Counsel for the complainant objected on the same ground as before, and the witness declined to answer. The witness further testified that he caused an attachment to be made on a judgment held by Evan Randolph against William Sprague and Amasa Sprague, upon funds in the hands of one Jenks, and that the information on which he acted in making the attachment did not come to him from the complainant or from any person claiming to act for him. He was then asked as follows:

"*Interrogatory* 13. Did said information come to you from William Sprague or Amasa Sprague, or any one claiming to act for them or either of them?"

Counsel for the complainant objected on the same ground as before, and the witness declined to answer. The examiner reports

these facts, and he, together with the respondent, prays the instructions of the court.

The question in this matter is whether communications made to a counselor in the course of his professional employment by persons other than the client or his agent are privileged. I find no sufficient authority for the proposition that they are so privileged. The rule extends only to communications made by or on behalf of the client. *Crosby* v. *Berger*, 11 Paige, 377, and cases cited; Steph. Dig. Ev. art. 115; Best, Ev. p. 567, § 581.

Two cases are cited by the complainant in support of his view. *Greenough* v. *Gaskell*, 1 Mylne & K. 98, decided by Lord BROUGHAM in 1833, "does indeed appear," *to* use the words of Chancellor WAL-WORTH, "to extend the privilege further than the previous cases would warrant, and beyond the principle upon which the privilege is founded." That case appears to me, however, to be contrary to the current of decision and opinion, both before and since it was decided. The case of *Whiting* v. *Barney*, 30 N. Y. 330, also cited by complainant, does not appear to me to have any bearing on this question.

An order will therefore be made requiring the witness to answer the interrogatories.