GENERAL ELECTRIC CO. v. JONATHAN CLARK & SONS CO.

(Circuit Court, W. D. New York. January 18, 1901.)

No. 25,374.

1. EVIDENCE—ADMISSIONS IN PLEADINGS.
Admissions or declarations of defendant contained in a pleading served by him on the adverse party in another pending case may be offered in evidence by plaintiff in the case at bar, though not a party to the action in which the pleading is served.

2. PRIVILEGED COMMUNICATIONS.
A communication to a counselor, in the course of his professional employment, by persons other than the client or his agent, is not privileged.

Clark H. Timmerman, for plaintiff.
Adelbert Moot, for respondent.

HAZEL, District Judge. This is an application under section 869, Rev. St. U. S. It is claimed by the plaintiff that the defendant proposes to offer in evidence upon the trial of this case a portion of the record in an action now pending in the supreme court of the state of New York, in which the Ball & Wood Company is plaintiff and the Comstock Company, Jonathan Clark & Sons Company, and others are defendants. The plaintiff further claims that the answer to the amended complaint in that action served on the attorneys for the Ball & Wood Company may not be offered in evidence on the trial of this case by the defendant, because it contains admissions and declarations favorable to and corroborative of plaintiff's contention. Such admissions or declarations contained in a pleading served upon the adverse party in a pending case are material, and may be properly offered in evidence by the plaintiff in this case, although not a party

to the action in which the pleading is served. The fact that the pleading sought to be produced and offered in evidence by the plaintiff is a copy of the answer, does not take from it the character of an admission or declaration made by the defendant, which may become, under the circumstances claimed by the plaintiff, competent and material evidence. The question here is whether a communication made to a counselor in the course of his professional employment by persons other than the client or his agent is privileged. The privilege extends only to communications by or on behalf of the client. Randolph v. Quidnick Co. (C. C.) 23 Fed. 278. "The principle of the rule does not apply to the discovery of facts within the knowledge of an attorney or counselor which were not communicated to him by the client, although he became acquainted with such facts while engaged in professional duty as the attorney or counselor of his client. It is held that an attorney is bound to produce letters communicated to him from collateral quarters, and to answer as to matters of fact as distinguished from matters communicated to him by his client in professional confidence." Crosby v. Berger, 11 Paige, 379, 42 Am. Dec. 117. The motion by the plaintiff, General Electric Company, that Adelbert Moot be directed to appear and produce before William F. Strasmer, the commissioner appointed by the circuit court of the United States for the Northern district of Illinois, Northern division, in obedience to the subpœna duces tecum already issued out of this court, the copy of the answer to the amended complaint interposed in the Ball & Wood Company action by the defendant, Jonathan Clark & Sons Company, is granted, and an order may be entered requiring Adelbert Moot to appear before the commissioner, and produce said answer, on a day to be agreed upon by the parties, or, if they cannot so agree, upon a day to be fixed by the court. In accordance with this view, the application of Adelbert Moot for an order vacating the order under review, to show cause why he should not produce the answer referred to, must be denied.