UNITED STATES of America,
Plaintiff-Appellee,

v.

Albert A. GOLDFARB, Defendant-
Appellant.

No. 15460.

United States Court of Appeals
Sixth Circuit.

Feb. 5, 1964.

Rehearing Denied March 3, 1964.

James H. Hudnut, Detroit, Mich.. (Goldfarb & Hudnut, Detroit, Mich., on the brief), for appellant.

Paul Komives, Detroit, Mich. (Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Defendant-appellant, an attorney, refused to answer certain questions before a grand jury on the grounds that they involved confidential communications between him and his client and come within the attorney-client privileged communications rule. Thereupon he was taken before the Honorable Fred W. Kaess, District Judge for the United States District Court for the Eastern District of Michigan, Southern Division, for a ruling as to whether or not the testimony which would be elicited by the questions so propounded was privileged.

The District Judge ruled that certain of the questions were not within the privileged communications rule. When appellant persisted in his refusal to answer the questions the District Judge entered an order adjudging appellant to be in civil contempt of court for failure to answer the questions put to him and committing him to the custody of the United States Marshal until such time as his contempt has been purged. This order was suspended pending proceedings on appeal.

The background facts may be summarized as follows:

The United States was seeking an indictment against one Charles Sherman, and sought information concerning an alleged real estate transaction between Sherman and Walter Pilat. Appellant was attorney for Pilat, and Lawrence Burns was attorney for Sherman.

The four questions which appellant refused to answer were as follows:

1. Did you have occasion to discuss the matter of the purchase of the house with one Lawrence Burns during 1961?

2. To your knowledge did Mr. Lawrence Burns represent as attorney or otherwise Mr. Charles Sherman with respect to the sale or disposition of the house at 11310 Myers Road, in connection with any conversation that you may have had or dealings you may have had with Mr. Law-

rence Burns, on behalf of Mr. Walter Pilat?

3. Did you have occasion to have a conversation with one Lawrence Burns during 1961, or at any other time in which the subject of the house at 11310 Myers Road was discussed?

4. Have you at any time had discussions with, or negotiations with Mr. Charles Sherman, or his wife, or attorneys, or agents on their behalf in connection with the sale or disposal of the house located at 11310 Myers Road by them?

It is a general rule that confidential communications between an attorney and his client, made because of the professional relationship and concerning the subject matter of the attorney's employment, are privileged from disclosure, even for the purposes of the administration of justice. Chirac v. Reinicker, 11 Wheat. 280, 6 L.Ed. 474. The essentials of the general rule are stated in 8 Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961) as follows:

"(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived."

It is clear that none of the four questions propounded to appellant call for the disclosure of any information communicated to him by his client, Walter Pilat. Appellant has not been called upon to divulge communications made to him in confidence by his client. It is urged by appellant, however, that the attorney-client privilege should be extended in this case to cover more than communications between the client and his attorney. Appellant contends, in effect, that this cloak of protection should be draped around all occurrences and conversations which have any bearing, direct or indirect, upon

the relationship of the attorney with his client.

■■ The extension of the rule urged by appellant would do violence to the purpose and history of the privilege. The rule is designed to enable a client to confide in his attorney, secure in the assurance that there will be no disclosure. The privilege does not envelope everything arising from the existence of an attorney-client relationship. Communications made to an attorney in the course of his professional employment by persons other than the client or his agent are not privileged. The rule extends only to communications made by or on behalf of the client. Randolph v. Quidnick Co., 23 F. 278 (C.C.D.R.I.); Crosby, Admr. v. Berger, 11 Paige 377, 42 Am.Dec. 117.

■ It is to be remembered that the attorney-client privilege is an exception carved from the rule requiring full disclosure, and as an exception should not be extended to accomplish more than its purpose. As Dean Wigmore said in his oft-quoted statement: "It is worth preserving for the sake of a general policy, but it is nonetheless an obstacle to the investigation of the truth. It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." 8 Wigmore, Evidence § 2291, at 554 (McNaughton rev. 1961). The judicial decisions have echoed this need for a restrictive interpretation and application of the privilege. Prichard v. United States, 181 F.2d 326 (C.A.6); United States v. United Shoe Machinery Corp., 89 F.Supp. 357 (D.Mass.).

Here the questions did not call for disclosure by the appellant of anything said to him by his client. Since the attorney-client privilege extends only to communications between the client and his attorney, we hold that these four questions did not call for answers within the purview of the privilege.

The judgment of the District Court is affirmed.

### ORDER DENYING PETITION FOR REHEARING.

Appellant has filed a petition for rehearing in the above-styled case. Briefly, the facts were that appellant, an attorney, refused to answer certain questions before a grand jury on the ground that an attorney-client privilege existed. This Court held that the particular questions in issue did not call for answers within the scope of the attorney-client privilege.

■■ Appellant now contends that the Fifth Amendment privilege against self-incrimination is applicable. This point was mentioned only incidentally in appellant's brief on appeal.

Upon consideration, we are of the opinion that this argument is without merit. The protection against self-incrimination has long been characterized as a personal privilege, and does not permit one to plead the fact that some third person might be incriminated by his testimony. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L. Ed. 1542; Bouschor v. United States, 316 F.2d 451 (C.A. 8); In re Fahey, 300 F.2d 383 (C.A. 6).

The petition for rehearing is hereby denied.