Joseph F. SHAFFER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–1092.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1975.

Decided Dec. 4, 1975.

Robert A. Yahn, Wheeling, W. Va. (James G. Bordas, Jr., Greg L. Cooey, Riley & Yahn, Wheeling, W. Va., on brief), for appellant.

James E. Crowe, Jr., Atty., Tax Div., U. S. Dept. of Justice (James F. Companion, U. S. Atty., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Robert S. Watkins, Attys., Tax Div., U. S. Dept. of Justice, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and CRAVEN, Circuit Judge.

HAYNSWORTH, Chief Judge:

This case arises out of an effort by the United States to collect taxes allegedly due as a result of Shaffer's gambling activity. Shaffer filed an action to recover a small payment he made upon an assessment for wagering taxes, and the Government counterclaimed for the balance of the assessment and interest. When the Government sought to take Shaffer's deposition, he declined to answer certain questions and refused to submit information on Fifth Amendment self-incrimination grounds. After warning of continuing refusal, the district court dismissed Shaffer's complaint and entered judgment against him on the Government's counterclaim. We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

In 1970, the Commissioner of Internal Revenue made an assessment of $10,-187.51 against Joseph F. Shaffer for delinquent wagering excise taxes for the period of December 1, 1967 through August 31, 1969. Two months later, the Commissioner assessed Shaffer an additional $109.16, which represented wagering occupational taxes and interest for the annual periods ended June 30, 1968 and June 30, 1969. Taxpayer thereafter made a nominal partial payment of $50.00 on each of the assessments and filed a claim for refund of the $100.00 paid and abatement of the unpaid remainder.

The claim was disallowed, and taxpayer filed a suit for refund and abatement in the District Court for the Northern District of West Virginia, alleging, *inter alia*, that the assessments were arbitrary and capricious because they were made without any foundation in fact. The United States denied the allegations and sought to depose Shaffer. During the course of the deposition, Shaffer refused to answer many of the questions propounded by Government counsel on the grounds that the answers would tend to incriminate him in violation of his Fifth Amendment rights. Shaffer acknowledged reporting $52,000 in gambling income but declined to answer how he arrived at that figure. He is currently under indictment in Florida on federal gambling charges.

On April 1, 1974, the Government filed a counterclaim for $10,296.67 in taxes plus interest based on the unpaid portions of the assessments. It also filed a motion for an order compelling discovery pursuant to Rule 37(a)(2), Fed.R.Civ.P., or, in the alternative, for judgment on its counterclaim. The district court ordered taxpayer to furnish the information sought by deposition or to risk the sanctions available under Rule 37. When Shaffer declined to provide the information, the Government renewed its motion to dismiss Shaffer's complaint and to enter judgment on the counterclaim. The district court granted the motion in both respects, reasoning that, while Shaffer was entitled to remain silent, he was required to choose between maintaining his silence and continuing his lawsuit.

Shaffer's contention is that such an application of the sanctions of Rule 37 violates his Fifth Amendment privilege because it works a forfeiture similar to that condemned in *United States v. U. S. Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), the most recent in a line of cases that began with

*Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). In *Marchetti* and *Grosso*, the Court held that one who properly asserts his privilege as to the federal wagering tax statutes may not be criminally punished for failing to comply with the requirements of those statutes. The Court expanded this rule somewhat in *Coin & Currency*, where it held that the Fifth Amendment privilege may be invoked to bar forfeiture of money used in gambling.

It is our present impression that the district court correctly held that the *Marchetti-Grosso-Coin & Currency* rule does not invalidate Government efforts to collect taxes due under the wagering statutes so long as the taxpayer is not punished, in the criminal sense, for asserting his Fifth Amendment privilege. *See Urban v. United States*, 5th Cir., 445 F.2d 641.

We do, however, entertain grave doubts about the propriety of ordering discovery of materials claimed to be privileged under the Fifth Amendment, particularly when the refusal to comply with such an order provides the basis for dismissal of a suit for refund of taxes. *See generally* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2018 at pp. 145–50. However, we choose not to reach the Fifth Amendment questions at this time. Rather, in our supervisory capacity, *see e. g. United States v. Holley*, 4th Cir., 502 F.2d 273, we establish a procedure which will preclude the problems presented by this case but which will allow the litigation to proceed fairly to judgment.

If the Government wishes to depose the taxpayer, it should obtain use immunity for him as to any criminal proceedings other than one relating to perjury. If the taxpayer refuses to testify after having obtained immunity, the district court may grant appropriate relief pursuant to Rule 37, including dismissal of the taxpayer's suit and entry of judgment for the United States on its counterclaim. In any event, the district court should stay further proceedings until the Government has obtained immunity for the taxpayer or until all applicable statutes of limitations have run.

This procedure, it seems to us, strikes a fair balance not unlike that sought by the court in *Iannelli v. Long*, 3rd Cir., 487 F.2d 317. The district court in that case, in order to avoid forcing the taxpayers to incriminate themselves, temporarily enjoined further collection efforts by the Commissioner. The Third Circuit concluded that such relief was improper in light of the tax anti-injunction statute, but reasoned that the district court could obtain the same result by deferring further proceedings in the action until the conclusion of related criminal proceedings or until all applicable periods of limitations had run.

Similarly, our procedure accommodates both parties to the refund action. The Government is free to continue its efforts to collect any taxes due, subject only to the condition that, by its grant of immunity, it assures the taxpayer it has not assessed taxes as a means of promoting an investigation or prosecution of alleged criminal gambling activities. It is, of course, the danger that the collection procedure has been instituted to coerce the taxpayer to incriminate himself with respect to a potential criminal prosecution that gives us pause. Whether a particular assessment is motivated by such considerations should become quickly apparent under the procedure we direct. If a rational basis for the assessment is shown to exist and if the Government is willing to grant immunity to the taxpayer, there can be little doubt that the suit is genuinely designed to collect taxes in a manner approved by the Court in the *Marchetti* cases. If, on the other hand, the assessment is a bald assertion and the Government is unwilling to seek use immunity, the taxpayer is due effective protection of his Fifth Amendment privilege, for there is a likelihood that the tax proceedings were initiated with a criminal prosecution in contemplation.

Accordingly, we hold that the district court should not have dismissed Shaffer's action and entered judgment for the Government on the counterclaim. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*