615 F.2d 658
 UNITED STATES of America, Plaintiff-Appellee,
v.
$122,862.90 in United States Currency and Coin and thirty
Citizens and Southern Certificates of Deposit each in the
name of Mr. or Mrs. H. G. AYERS and each in Denomination of
$1,000.00, Defendants-Appellants.
 No. 78-2814.
 United States Court of Appeals,
Fifth Circuit.
 April 17, 1980.
 
 James K. O'Malley, Pittsburgh, Pa., Herbert Shafer, Atlanta, Ga., for defendants-appellants.
 Samuel A. Wilson, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before GEE, FAY and VANCE, Circuit Judges.
 FAY, Circuit Judge:
 
 
 1
 This appeal is from a judgment forfeiting money to the United States under 18 U.S.C. § 1955 (1976) because of the money's use in an illegal gambling business. Finding the arguments for use immunity and a stay of proceedings to be improperly raised or moot, we affirm the district court's judgment.
 
 
 2
 The United States indicted Mr. H. Gibbs Ayers, Frank Stempinski, Hushell Davis, and Doretha Payne for conducting an illegal gambling business in violation of 18 U.S.C. § 1955 (1976). During the investigation of that criminal action, the Federal Bureau of Investigation seized from Mr. Ayers and his wife, who had not been indicted, $25,914 in cash from their home, $1,805 from Mr. Ayers's person, $94,300 in cash from their joint safe deposit box, and $30,000 worth of savings bonds. On March 11, 1977, the Internal Revenue Service levied against Mr. Ayers's property pursuant to a jeopardy assessment for unpaid wagering excise taxes. Seven days later, Mr. Ayers was convicted and sentenced to five years confinement, five years probation, and a $30,000 fine. Mr. Ayers appealed, contesting whether the warrant presented for search of his person, residence, and business was issued on probable cause. On April 3, 1977, while the appeal was pending, the United States filed this forfeiture action for the $122,862.90 in cash and $30,000 in bonds that the F.B.I. had seized.[1] In his answer, Mr. Ayers claimed as his $18,500 in cash and $15,000 in bonds. Mrs. Ayers, in a separate answer, claimed $104,363.90 of the money and the remaining $15,000 in bonds.[2]
 
 
 3
 The United States propounded interrogatories to Mr. Ayers requesting the sources of the $18,500 in seized property and of his income. Similar interrogatories were asked of Mrs. Ayers on the $104,363.90 she claimed. Instead of answering the interrogatories, Mr. Ayers filed a Motion to Stay Proceedings. He argued that answers to the interrogatories could be used in pending tax investigations and at trial if the appealed criminal conviction should be reversed. He attached to the motion a copy of the March 11 notice of jeopardy assessment. He argued that his answers could tend to incriminate him in violation of his fifth amendment privilege. He requested that the forfeiture action be stayed until all related criminal proceedings were concluded or applicable periods of limitation had run. See Virgin Islands v. Smith, 615 F.2d 964 (3d Cir. 1980); Shaffer v. United States, 528 F.2d 920 (4th Cir. 1975); Iannelli v. Long, 487 F.2d 317 (3d Cir. 1973).
 
 
 4
 The United States filed a memorandum in opposition to a general stay or forced grant of immunity, but it did agree to a stay pending the result of Mr. Ayers's criminal appeal. The court denied Mr. Ayers's motion for a general stay.
 
 
 5
 On October 27, 1977, this court affirmed the criminal conviction. United States v. Ayers, 564 F.2d 95 (5th Cir. 1977). The United States moved to compel discovery on February 14, 1978. On February 28, 1978, Mr. Ayers filed partial answers to the interrogatories, claiming his fifth amendment privilege for questions on the sources of the seized funds and his income. Mrs. Ayers had not filed her answers and had not moved for a stay at the time of the pretrial conference. Three days after the conference she answered by also claiming her privilege and declining to specify the source of the funds or of her income. Mrs. Ayers never stated the basis for claiming her privilege.[3]
 
 
 6
 On August 23, 1978, a nonjury hearing was held on the forfeiture. By stipulation, the parties entered the entire record of Mr. Ayers's criminal trial as evidence in the forfeiture proceeding. The government stipulated to an abandonment of its claim for the $30,000 in savings bonds upon the Ayers's showing that a Mr. Creech could testify that they purchased the bonds with proceeds from the sale of real estate, not from gambling operations. No witnesses were called by either side. Upon entry of judgment for the United States, the Ayers filed this appeal.
 
 
 7
 Mr. Ayers died on July 16, 1979. A motion for substitution of parties was not filed until March 6, 1980, after the oral argument on this appeal.
 
 
 8
 Mrs. Ayers does not contest the district court's finding that the government showed probable cause that the seized money was used to conduct an illegal gambling business. She does not contest the constitutionality of placing the burden on her to prove that the money was acquired legally. The sole question is whether the court's refusal to stay proceedings until all applicable statutes of limitation had run was error and a violation of her fifth amendment privilege.
 
 
 9
 As our detailing of the record will indicate, Mrs. Ayers never requested a stay of proceedings or immunity. She did not join her husband's motion or move for a stay at any other time. That request was made solely by Mr. Ayers. Ordinarily a court of appeals will not resolve issues not presented to the district court. Youakim v. Miller, 425 U.S. 231, 234, 96 S.Ct. 1399, 1401, 47 L.Ed.2d 701 (1976); Wisconsin Barge Line, Inc. v. Coastal Marine Transport, Inc., 414 F.2d 872, 876 (5th Cir. 1969). An exception to the rule permits consideration of pure questions of law when a refusal to view the merits will result in a miscarriage of justice. Hormel v. Helvering, 312 U.S. 552, 556-58, 61 S.Ct. 719, 721-722, 85 L.Ed. 1037 (1941); Martinez v. Mathews, 544 F.2d 1233, 1237 (5th Cir. 1976). The fashioning of proper remedies in situations such as the Ayers's, however, is a task for which the district court is given wide discretion. See Thomas v. United States, 531 F.2d 746, 750 (5th Cir. 1976). It would be improper to resolve whether a stay or grant of immunity should have been awarded to Mrs. Ayers when the district court has never passed on the issue.
 
 
 10
 Clearly Mr. Ayers's successors cannot invoke his fifth amendment right against incrimination; the privilege is purely personal. United States v. Dowdy, 486 F.2d 1042, 1043 (5th Cir. 1973); Hall v. United States, 413 F.2d 45, 48 (5th Cir. 1969); 8 Wigmore on Evidence §§ 2196, 2270 (McNaughton rev. 1961). Mr. Ayers's requests for a stay and for immunity were to guarantee his right against self-incrimination. As to the property claimed by Mr. Ayers, the question whether a stay or immunity would have been proper is moot because the privilege can no longer be asserted.
 
 
 11
 Because the question whether to grant Mr. Ayers a stay or immunity is moot, we express no opinion on whether such remedies might be proper in another case when the issue is raised properly before the district court. The district court's judgment is AFFIRMED.
 
 
 
 [1]
 In addition to the money taken from the Ayers, the F.B.I. seized smaller amounts totalling $843.90 from other defendants in the criminal action. These people are not contesting the forfeiture
 
 
 [2]
 Although the Ayers claimed the full $122,862.90 in their answers, they disavowed any claim to the $843.90 taken from other defendants in their answers to interrogatories
 
 
 [3]
 When questioned by the court, Mrs. Ayers's new attorney stated he had not talked with her but that tax ramifications might be the problem. Record, vol. II, at 10. The record reflects only the jeopardy assessment against Mr. Ayers for wagering taxes