**STATE of Florida ex rel. Robert A. BUTTERWORTH on Behalf of the DADE COUNTY SCHOOL BOARD, etc., Plaintiff,**

v.

**SOUTHLAND CORPORATION, d/b/a Velda Farms Dairy, et al., Defendants.**

No. 88–0273–CIV.

United States District Court, S.D. Florida.

April 29, 1988.

Robert A. Butterworth, Atty. Gen., Jerome W. Hoffman, Chief, Antitrust Section Bayard W. Heath, Asst. Atty. Gen., Tallahassee, Fla., and James J. Kenny and Richard Alan Arnold, Miami, Fla., for plaintiff.

Claude H. Tison, Jr., Tampa, Fla., for Elmer Bielick.

## AMENDED MEMORANDUM OPINION

SCOTT, District Judge.

Plaintiff, State of Florida, moves for an order requiring witness Elmer Bielick to state the basis for refusal to answer questions. In the context of the motion, two legal issues are raised:

(1) Whether a witness must state the specific basis for his objection on the record where he raises a constitutional objection/privilege?

(2) Whether counsel may invoke a witness' privilege against self-incrimination or whether the witness must personally invoke the privilege?

The first question is relatively simple; the second question is more difficult and requires more extensive discussion.[1]

### I.

Elmer Bielick is the general sales manager for Borden Dairy. While Bielick is not a named Defendant, Plaintiff has brought civil suit against Borden for price-fixing in violation of the federal antitrust laws.

Bielick was subpoenaed and appeared with counsel for deposition. During the deposition the witness declined to answer certain questions. The witness also refused to state the specific basis for his refusal, but his counsel hinted that Bielick was basing his refusal on the privilege against self-incrimination. An excerpt of the deposition will provide a flavor of the festivities:

(By Plaintiff's counsel Arnold to the witness)

Q. Had you expected to be named as a defendant in this case?

A. I decline to answer.

Q. On what ground, sir?

MR. TISON (witness' counsel): I don't think he is required to state his grounds as long as he asserts his privilege under the State and Federal Constitutions and any and all amendments.

MR. ARNOLD: I don't think that's a valid response.

MR. TISON: It's good enough for him.

MR. ARNOLD: It's not going to be good enough for us.

Q. (BY MR. ARNOLD) Mr. Bielick, it may well be that you have some well-founded basis for not answering questions, but for us to be able to evaluate that and for us to be able to take that up with the Court, we need to know why you are declining to answer these questions.

MR. TISON: To which I object. He is not required to give any reason for asserting his privilege, and he will not give a reason for asserting his privilege in this room.

MR. ARNOLD: He is not required to give any reason for refusing to answer a question on deposition?

MR. TISON: Only that he asserts his constitutional privilege; and you well know that, sir.

MR. ARNOLD: I don't know which constitutional privileges he is asserting.

MR. TISON: Then go read the Constitution, sir, and you will find them.

---

[1] A transcript of the short-lived deposition has been reviewed and oral argument was permitted on the matter.

■ Upon review of the motion to require the witness to state the basis for his objection, the Court ordered an expedited hearing. At that time, counsel for the witness conceded that the specific basis for his objection must be disclosed. In light of the prevailing case law, his concession was appropriate.

A witness must state the specific basis for his objection on the record, e.g., "Fifth Amendment privilege against self-incrimination." Furthermore, the witness must assert any claim of privilege on a question-by-question basis rather than assert a blanket privilege as to all questions. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *United States v. Goodwin,* 625 F.2d 693 (5th Cir.1980). ("The trial judge must make a proper inquiry into the legitimacy and scope of the witness' assertion of his Fifth Amendment privilege. A blanket assertion of the privilege without inquiry by the court, is unacceptable." *Id.* p. 701.)

## II.

■ During the hearing, counsel for the witness raised a new issue involving invocation of the privilege against self-incrimination. The witness argued that the privilege may be invoked by counsel for the witness and need not be invoked by the witness himself. Plaintiff quickly countered that the witness must personally invoke the privilege by uttering the incantation: Based upon advice of counsel, I invoke my privilege against self-incrimination under the Fifth Amendment to the United States Constitution and thus decline to answer the question."

The contentions raise a novel issue which the Court has not previously addressed. The parties' positions are obviously influenced by the negative inferences which invocation of the privilege carries before a

trier of fact. However, the answer to this legal issue lies not in the tactical nuances which the parties hope to achieve, but instead in the history and purpose behind the privilege against self-incrimination contained in the Fifth Amendment.

The history and the subsequent case law reveals that the "Fifth Amendment is a personal privilege." *Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 616, 34 L.Ed.2d 548 (1973). The privilege against self-incrimination is limited to and can only be invoked by "a person who shall be compelled in any criminal case to be a witness against himself." *Fisher v. United States,* 425 U.S. 391, 398, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1976) (*quoting Hale v. Henkel,* 201 U.S. 43, 69–70, 26 S.Ct. 370, 377, 50 L.Ed. 652 (1906).[2] While admittedly these cases do not decide precisely the present issue, they give strong support to Plaintiff's position that the witness must personally invoke the privilege. Furthermore, our research into appellate decisions lends credence to this conclusion. *See Watson v. C.I.R.,* 690 F.2d 429 (5th Cir. 1982); *United States v. Ayers,* 615 F.2d 658, 660 (5th Cir.1980). Specifically, in *United States v. Schmidt,* 816 F.2d 1477, 1481 n. 3 (10th Cir.1987), the Court concluded that "[o]nly the appellants, not their counsel, are the proper parties to interpose a claim of privilege personal to themselves to prevent compelled disclosure that appellants 'reasonably believe could be used (against them) in a criminal prosecution or could lead to other evidence that might be used.'" (*quoting Kastigar, supra* at p. 445, 104 S.Ct. at p. 1656). *See In Re Grand Jury Proceedings—Gordon Witness,* 722 F.2d 303 (6th Cir.1983).[3]

The Court, therefore, concludes that where the interrogating party stands on the requirement that the witness must per-

---

**2.** *See United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972).

**3.** While the witness has provided us with no authority for his position, our research reveals that some indeed exists, albeit dictum. *See United States v. Johnson,* 752 F.2d 206, 211 n. 3

(6th Cir.1985); 8 Wigmore, Evidence § 2278 (McNaughton Rev.1961). To the extent that such authority exists, we reject it in light of the more persuasive authority to the contrary, as well as the underlying basis of the privilege, i.e., it is a personal privilege. *See Kastigar v. United States, supra; Watson v. C.I.R., supra; United States v. Ayers, supra.*

sonally invoke the privilege against self-incrimination, the witness must do so absent some compelling circumstance.[4] No such compelling circumstance exists on the present record.[5] Accordingly, witness Elmer Bielick must personally invoke his privilege against self-incrimination.

### III.

Wherefore, it is ordered as follows:

1. Upon appropriate notice, Elmer Bielick shall again submit to oral deposition. The witness and his counsel shall follow the mandates of this Order.

2. No fees or costs will be assessed concerning the filing of this motion at this time, provided the witness fully complies with the dictates of paragraph #1 of this order.

3. To assist the parties in further discovery, this opinion and order has been memorialized in writing.

**4.** *United States v. Mayes,* 512 F.2d 637 (6th Cir. 1975) states, "[T]he Fifth Amendment privilege against self-incrimination is a privilege personal to the witness. *United States v. Goldfarb,* 328 F.2d 280 (6th Cir.1964). As such, it is not the property either of his attorney or of the defendant on trial. 8 Wigmore, *supra* § 2270; *Goldfarb, supra.* While the witness is entitled to the advice of counsel before determining whether he should invoke the privilege, *United States v. Compton,* 365 F.2d 1 (6th Cir.1966), and while it is within the discretion of the trial judge to permit counsel for the witness to invoke the privilege on his behalf, 8 Wigmore, *supra,* § 2270, the nature of the privilege is such that in the final analysis the controlling decision is that of the witness himself." *Id.,* at 649. To the extent that this opinion may be read as giving the trial court discretion to permit counsel to invoke the privilege, we reject that option in this case. As noted above, the witness has presented no compelling circumstance.

**5.** Examples of a compelling circumstance would be physical incapacity, illness and the like.