**UNITED STATES of America ex rel. Fred M. BURNS, Plaintiff,**

v.

**A.D. ROE COMPANY, INC.; Jim McCubbins III; Norman Leigh; Kerry Wilcher; Carl Graf; Steven R. Stambaugh; Rodger Call; Plano Construction Company; Swift Roofing of Elizabethtown, Inc.; Koch Corporation; Wallender Painting; A & A Mechanical, Inc., and Romac, Inc., Defendants.**

Civ. A. No. C94–357–L(H).

United States District Court,
W.D. Kentucky,
Louisville.

Nov. 9, 1995.

William F. Campbell, Asst. U.S. Atty., Louisville, Kentucky, for United States.

Michael E. Coen, Bardstown, Kentucky, Peter F. Burns, Burns, Cunningham & Mackey, Mobile, Alabama, for Relator, Fred M. Burns.

George P. Parker, Thomas E. Roma, Jr., G. Bruce Stigger, Parker & O'Connell, Louisville, Kentucky, for A.D. Roe Company, Inc., Jim McCubbin, III, Norman Leigh, Kerry Wilcher, Carl Graf, Rodger Call, Romac, Inc. and Steven R. Stambaugh.

Michael T. Connelly, Louisville, Kentucky, for Plano Construction Co.

Max W. Parker, Murray, Kentucky, for Swift Roofing of Elizabethtown, Inc.

I. Joel Frockt, Michael J. Levy, Frockt & Klingman, Louisville, Kentucky, for Defendant, Wallender Painting.

David B. Blandford, Robert L. Ackerson, Ackerson, Yann & Miller, Louisville, Kentucky, for A & A Mechanical, Inc.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This *qui tam* action is before the Court on motion by Defendant, A.D. Roe Company, Inc., to unseal the Court's file. Plaintiff, United States of America, does not object to disclosure of any part of the file, save the statement of material evidence submitted by Relator Fred M. Burns. Hence, the sole issue before this Court is whether such statement is discoverable. For the following reasons, we answer that question in the affirmative and grant Defendant's motion.

### I.

The Federal False Claims Act (the "Act"), as amended in 1986, empowers individuals to bring suits for violations of the Act in the name of the United States. In initiating such a suit, the original plaintiff, or *qui tam* relator ("Relator"), files a sealed complaint which alleges the Act's violations. A copy of the complaint, along with a written statement of material evidence, which contains all of the information about the alleged wrongdoing that the Relator possesses, is served upon the United States. The government then has 60 days with which to intervene and prosecute the case. 31 U.S.C. § 3730(b)(2). If the government elects not to proceed, the Relator may conduct the action on the United States' behalf. If the government intervenes, it assumes responsibility for prosecuting the action. In such a case, the Relator receives no less than fifteen and no more than twenty-five percent of the ultimate recovery. 31 U.S.C. § 3730(d)(1). If the government does not join the suit, the Relator receives between twenty-five and thirty percent of any recovery. 31 U.S.C. § 3730(d)(2).

In this case, the United States has intervened. Defendant seeks to discover the statement of material evidence. Plaintiff contends that this document is not subject to disclosure.

The Sixth Circuit has not addressed whether, in a *qui tam* action, the statement of material evidence is discoverable. There can be no doubt that the statement of material evidence contains relevant, factual information. In fact, a more complete recitation of the facts cannot be found. No other document is more adept at apprising Defendant of the nature of the alleged charges. Therefore, absent privilege, the matter is discoverable. Fed.R.Civ.P. 26(b)(1).

Nothing in the statute mandates, or even suggests, that these statements are privi-

leged. The only document the Act speaks of sealing is the complaint. 31 U.S.C. § 3730(b)(2). Even so, the complaint remains sealed for only 60 days. Nowhere does the Act suggest that the statement of material evidence deserves more confidential treatment than the complaint itself.

■ The United States claims both attorney-client and work product privilege. The Court finds neither applicable. The elements of the attorney-client privilege are: (1) Where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or the legal advisor, (8) except the protection be waived. *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir.1964).

■ The communications from the Relator to his attorney were not made for the purpose of securing legal advice. Instead, the statement of material evidence was merely a recitation of facts, given to the government to aid in its determination of whether to prosecute the case. The Relator was required to make such a recitation by statute. The document was prepared by his attorney and submitted in the form of a pleading. The role of the Relator's attorney was that of a conduit, not of a legal advisor.

■ Additionally, there was no expectation that the communications were to remain confidential. In fact, it was the Relator's intent that the statement of material evidence be disclosed to the government. Where there is no expectation that communications between a client and his attorney remain confidential, the privilege is absent. *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990).

■ Neither is the statement of material evidence attorney work product. Analysis of this privilege involves a two part process. First, the Court must determine whether materials sought were "prepared in anticipation of litigation ... by or for another party or by or for that other party's representative." Fed.R.Civ.P. 26(b)(3). Even so, the materials are not necessarily entitled to pro-

tection. Under the second part of the test, the documents may still be discovered if it is proven that the opposing party has "substantial need" of the materials and is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Toledo Edison v. GA Technologies, Inc.*, 847 F.2d 335, 341 (6th Cir.1988). In ordering discovery of these materials, the Court should protect against disclosure of the mental impressions, conclusions, opinions or legal theories of counsel. Fed.R.Civ.P. 26(b)(3).

■ The statement of material evidence does not contain any mental impressions, opinions or conclusions. It is simply a recitation of factual information. When the document on which discovery is sought contains a recitation of factual information provided by the client, the need for protection is minimal. Further, Defendant's need for this document is great and its equivalent cannot be obtained by other means. As mentioned earlier, nowhere else can Defendant obtain a more detailed summary of its alleged wrongdoing. Surely nothing could be more vital to Defendant than to be made completely aware of the allegations against which it must defend. The statement of material evidence is the best source for this information and nothing can serve as its substitute.

Finally, any supposed reason for maintaining the secrecy of the statement of material evidence no longer exists. The Relator's identity has already been disclosed. Once the Relator's identity has been revealed, there is no justification for keeping Defendant in the dark concerning his factual allegations.

Accordingly, the Court finds that in a *qui tam* action, the statement of material evidence is discoverable. This is in accord with the only published opinions on the matter which the parties have submitted or the Court has uncovered. *See U.S. ex rel. Stone v. Rockwell Intern. Corp.*, 144 F.R.D. 396 (D.Colo.1992) (Plaintiff required to provide defendant with copy of confidential disclosure statement served on government in *qui tam* action); *Grand ex rel. United States v. Northrop Corp.*, 811 F.Supp. 333 (S.D.Ohio 1992)

(Written disclosure of substantially all material evidence and information provided to government was not protected by attorney work product or attorney-client privilege); and *United States ex rel. Robinson v. Northrop Corp.*, 824 F.Supp. 830 (N.D.Ill.1993) (compelling production of *qui tam* plaintiff's statement of material evidence).

An order in accordance with this opinion shall be entered this date.

### ORDER

This matter having come before the Court on Defendant's motion to unseal the Court's file in this action and the Court having considered said motion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion is SUSTAINED.