### In re GRAND JURY SUBPOENA.

#### UNITED STATES of America, Respondent–Appellee,

v.

#### John DOE, et al., Petitioners–Appellants.

#### No. 89–1501.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 7, 1989.

Decided Sept. 27, 1989.

Walter I. Kozar (argued), Patricia L. Blake, Office of the U.S. Atty., Detroit, Mich., for Grand Jury Subpoena.

Abigail Elias (argued), Deputy Corp. Counsel, Detroit, Mich., for petitioners-appellants.

Before JONES and NORRIS, Circuit Judges; and McQUADE *, District Judge.

McQUADE, District Judge.

The City of Detroit, Detroit City Council and James H. Bradley, Detroit City Clerk, appeal the district court's denial of a motion to quash a federal grand jury subpoena *duces tecum*. The district court denied the motion to quash and ordered the City to produce the minutes of four closed sessions of the City Council on the ground that the attorney-client privilege was inapplicable to the minutes because the City Council was not the client of Detroit corporation counsel or outside counsel retained by corporation counsel. Because this factual finding by the district court was clearly erroneous, the judgment of the district court is vacated, and this case is remanded for further proceedings.

I.

On September 30, 1988, a subpoena *duces tecum* was served on the Detroit City Clerk commanding production of records of the Detroit City Council related to a condemnation proceeding known as the Jefferson Conner Industrial Revitalization Project. The City filed a motion to quash the subpoena insofar as it called for the minutes of four closed sessions of City Council held on October 6, 1986, December 10, 1986, January 29, 1988, and February 3, 1988. The City argued that the minutes were entitled to protection under the attorney-client privilege, or in the alternative, that the court should recognize a deliberative process privilege.

The 1986 sessions were closed pursuant to the Michigan Open Meetings Act, Mich.

---

* The Honorable Richard B. McQuade, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Comp.Laws § 15.268(d), which provides that a public body may meet in closed session to consider the purchase or lease of real estate. The 1988 sessions were closed pursuant to § 15.268(e), which provides that a public body may meet in closed session to consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation. In *Detroit News, Inc. v. City of Detroit*, No. 88–823265–CZ (Mich.Cir.Ct. May 23, 1989), the court held that the 1988 sessions were closed in violation of the Open Meetings Act and ordered that the minutes of those sessions be released to the public. The court delayed release of the minutes to allow the City an opportunity to appeal. The City concedes that if the state court orders it to release the minutes of the 1988 meetings, it will lose the attorney-client privilege as to those meetings.

The district court issued an order declining to recognize a deliberative process privilege and allowing the City Council, as client, time to assert properly the attorney-client privilege. Following the City Council's proper assertion of the privilege with respect to the minutes, the district court denied the motion to quash, finding that there was no attorney-client relationship between the City Council and corporation counsel or outside counsel retained by corporation counsel, for three reasons: (1) the City Council and City Administration represented distinct positions regarding the condemnation proceeding; (2) both the Administration and the City Council retained separate outside counsel; and (3) the structure of Detroit city government reveals a bifurcated system of government.

## II.

## A.

The district court's findings of fact can be set aside only if they are clearly erroneous. Fed.R.Civ.P. 52(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). After reviewing the entire record, we are convinced that a mistake was made in this case.

## B.

■ The attorney-client privilege protects from disclosure " 'confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client.' " *In re Grand Jury Investigation*, 723 F.2d 447, 451 (6th Cir.1983) (quoting *In re Grand Jury Proceedings (Fine )*, 641 F.2d 199, 203 (5th Cir.1981)). Because the application of the attorney-client privilege will often impede the fact-finding process of a grand jury investigation, the scope of the privilege should not exceed what is necessary to effect the policy considerations underlying the privilege, namely, to encourage clients to make full disclosure to their attorneys. *Id.* The district court concluded that because City Council was not a client of corporation counsel or outside counsel retained by corporation counsel, it could not assert the attorney-client privilege.

The factual basis for the district court's conclusion that City Council was not a client of corporation counsel was its finding that the City Council and Detroit City Administration did not constitute the same party. The district court supported this finding with three subsidiary findings. First, the district court observed in the contents of the minutes a distinction between the position advocated by City Council and that of the City Administration. Second, the district court emphasized that both City Council and the City Administration had retained separate outside counsel. Finally, the district court gathered from Detroit's bifurcated structure of government that the executive branch and legislative branch were distinct entities. These three findings, even if they are correct, do not support the district court's ultimate factual conclusion.

Condemnation proceedings are governed by Chapter 16 of the Detroit Code, which

authorizes City Council to commence such proceedings by directing corporation counsel to initiate the necessary proceedings on behalf of the City. Detroit Code § 16–1–2. Corporation counsel thus serves as attorney for its client, the City of Detroit, in condemnation proceedings. *Id.* § 6–403. Corporation counsel may employ an outside attorney to act as special corporation counsel for any particular matter or proceeding. *Id.* § 6–408. City Council may also obtain advice from an outside attorney in any matter pending before Council. *Id.* § 4–120.

The minutes of the four closed sessions over which the City has asserted the attorney-client privilege were submitted for *in camera* review. At the two closed sessions held in 1986, City Council met with, among others, corporation counsel and special corporation counsel to discuss condemnation of property for the Revitalization Project. Under the Detroit Code, corporation counsel represents the City of Detroit in all litigation, including condemnation proceedings. *See* Detroit Code §§ 6–403, 16–1–2. Condemnation proceedings, though commenced by City Council, are filed in the name of the City of Detroit; thus, corporation counsel's client is the City of Detroit, not the City Administration.

In the two closed sessions held in 1988, City Council met with special corporation counsel, the attorney representing Council itself and the attorney representing the City Administration, to review the terms of a proposed consent judgment that had been entered into by the City concerning acquisition of the property. Although the minutes reveal that City Council questioned the terms of the consent judgment, there is no evidence in the minutes to support the district court's finding that the position of City Council was distinct from that of the City Administration. The Detroit Code provides that no civil litigation of the City may be settled without the consent of the City Council. Detroit Code § 6–403. It thus appears from the minutes that City Council was merely exercising its prerogative of reviewing before approving the consent judgment.

The district court's conclusion that City Council and City Administration constitute distinct parties is not supported by the fact that both entities retained outside counsel. The attorney retained by City Council for advice regarding the condemnation proceeding was retained pursuant to Detroit Code § 4–120, allowing Council to consult an outside attorney in any matter pending before it. This attorney, however, had no power or authority to represent the City in the condemnation proceeding itself. City Council's decision to obtain legal advice from an attorney outside of corporation counsel did not convert City Council into a separate party apart from the City itself.

The fact that the government of Detroit is bifurcated into a legislative and executive branch does not support the district court's conclusion that the two branches are distinct entities in the condemnation proceeding. Corporation counsel or special corporation counsel represents a single client, the City of Detroit, in all condemnation proceedings. City Council decides whether to commence condemnation proceedings and instructs corporation counsel to initiate such proceedings. City Council, therefore, is always involved in condemnation proceedings and cannot be considered a separate entity from the City itself in such proceedings.

▮ We conclude, therefore, that the district court's finding that City Council was not a client of corporation counsel is clearly erroneous. We are not able to say, however, that the City is entitled to assert the privilege. The scope of the attorney-client privilege in federal court is generally defined by federal common law. *See* Fed.R. Evid. 501 ("[T]he privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."). In this case, however, state law governs an important question as to whether the allegedly privileged communications were, in fact, confidential. One Michigan court has already determined that the 1988 sessions were unlawfully closed under the

Michigan Open Meetings Act. *Detroit News, Inc. v. City of Detroit,* No. 88–823265–CZ (Mich.Cir.Ct. May 23, 1989). The City concedes that if the Michigan appellate court affirms this determination and orders the City to release the minutes of the 1988 meetings, it will not be able to assert the privilege. On remand, the district court should determine whether the 1986 sessions were properly closed under the Open Meetings Act. If they were not properly closed, then the communication between City Council and corporation counsel at those sessions were not confidential and therefore not privileged.

The judgment of the district court is VACATED, and this case is REMANDED for further proceedings.