947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re GRAND JURY SUBPOENA Duces Tecum to Johnson, Grusin,
Key and May.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DOE, Defendant-Appellant.
 No. 91-5299.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1991.
 
 Before BOGGS, Circuit Judge, KRUPANSKY, Senior Circuit Judge,* and DUGGAN, District Judge.**
 PER CURIAM.
 
 
 1
 John Doe appeals from the district court's partial denial of his motion to quash a grand jury subpoena issued to the law firm that handled certain matters for Doe. For the following reasons, we affirm the district court.
 
 
 2
 * On January 14, 1991, a grand jury subpoena was issued to the law firm of Johnson, Grusin, Key and May. That subpoena ordered the law firm to produce the following information:
 
 
 3
 Any and all records pertaining to the escrow account of Johnson, Grusin, Key and May number 0820849 at United American Bank specifically including but not limited to the following:
 
 
 4
 Ledger sheets reflecting deposits and/or disbursements made between June 30, 1986 and July 10, 1986 on behalf of [name[1] ] and/or any business entity in which [name] has/had an interest including records reflecting the disbursement of funds transferred by wire from the account of Security Title Co. at Greater Bank North Austin, Texas in the amount of $133,526.31 to the above referenced account of Johnson, Grusin, Key and May.
 
 
 5
 Doe moved to intervene on the ground that the records sought were covered by the attorney-client privilege. This motion to intervene was granted. The firm also moved to quash the subpoena, contending that the firm was ethically obligated under an opinion issued by the disciplinary board of the Tennessee state bar to resist disclosing information pertaining to its clients.
 
 
 6
 A hearing was held on March 1, 1991. Doe's attorney made two arguments in favor of quashing the entire subpoena. First, he pointed to the recent Supreme Court case of United States v. R. Enterprises, 111 S.Ct. 722 (1991), contending that it requires the government to reveal the general subject matter of the grand jury's investigations before compliance with the subpoena is required. Second, he concurred with the firm's attorney argued this point as follows:
 
 
 7
 We have an ongoing business, an attorney-client relationship between this particular client and the firm and just by way of example, funds are received on behalf of a client from a transaction and are later either deposited and sent out or withdrawn in some form or fashion. There is some form of communication inherent between the client and the firm directing the removal of the funds. That communication is, in fact, part of the relationship between the client and the firm and, as such, should be--should be privileged.
 
 
 8
 The government argued that the specific documents sought were not "communications" protected by the privilege because the attorney was acting in a ministerial or clerical role in transferring the funds.
 
 
 9
 The court quashed the first paragraph of the subpoena because it might require the production of privileged documents. It then ruled that the second paragraph would not be quashed provided its scope was limited to exclude "any communication between the attorney or attorneys and client relating to the requested documents." The court stayed its order pending the outcome on appeal.
 
 
 10
 Doe timely appealed the district court's order. Neither the government nor the law firm filed a separate appeal.
 
 II
 
 11
 * This appeal revolves around a problem of classification: do the records and ledger sheets sought by the government constitute "communications" that are protected by the attorney-client privilege? If we answer this question in the affirmative, we must then decide whether R. Enterprises places a duty upon the government to reveal the general subject matter of the grand jury's investigation leading to the issuance of the subpoena before a court can determine if compliance with the subpoena would be oppressive or unreasonable. We answer the first question in the negative, holding that records held by a law firm reflecting the firm's performance of solely ministerial tasks--such as the transferral or disbursement of funds--are not "communications" protected by the attorney-client privilege. We further hold that even if they were, R. Enterprises does not place a duty upon the government in all cases to reveal the subject matter of the grand jury investigation.[2]
 
 B
 
 12
 The attorney-client privilege exists to promote justice by encouraging a client to communicate completely and honestly with his attorney. In re Antitrust Grand Jury, 805 F.2d 155, 162 (6th Cir.1986). This permits the client to assist in the preparation of his defense without fear that his own admissions can be used against him through the compelled testimony of his attorney. Despite this salutary purpose, it is clear that the invocation of the privilege can also interfere with the fact-finding process of a grand jury investigation. In re Grand Jury Subpoena: United States v. Doe, 886 F.2d 135, 137 (6th Cir.1989). We have therefore consistently balanced these competing concerns by limiting the application of the privilege so that it does "not exceed that which is necessary to effect the policy considerations underlying the privilege.... As a derogation of the search for truth, the privilege is to be narrowly construed." In re Grand Jury Investigation No. 83-2-35, 723 F.2d 447, 451 (6th Cir.1983), cert. denied, 467 U.S. 1246 (1984). Accord Grand Jury Subpoena, 886 F.2d at 137; Antitrust Grand Jury, 805 F.2d at 162.
 
 
 13
 We have established eight "essential elements of the attorney-client privilege." Humphreys, Hutcheson and Moseley v. Donovan, 755 F.2d 1211, 1219 (6th Cir.1985). See also United States v. Goldfarb, 328 F.2d 280 (6th Cir.), cert. denied, 377 U.S. 976 (1964). These elements are:
 
 
 14
 (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.
 
 
 15
 Donovan, 755 F.2d at 1219, quoting Goldfarb, 328 F.2d at 281.
 
 
 16
 Applying these factors to the material subpoenaed, we hold that the records and ledger sheets are not "communications" relating to any legal advice Doe sought from the firm.
 
 
 17
 The subpoena, as amended by the district court, is directed solely at concrete records of transactions. No substance of any conversation pertaining to any legal matter between Doe and his attorney will be revealed. All that the grand jury will possess after the subpoena is complied with is data that x dollars were disbursed or received on behalf of Doe. Revealing this data will not impair any confidences that Doe has already made to the firm, nor will it impede him from imparting any such future confidences. In light of our policy to construe narrowly the attorney-client privilege, the information sought by the subpoena is not a "communication."
 
 
 18
 This conclusion is buttressed by our holdings in similar cases. We have previously required attorneys to produce records in their possessions documenting that the attorneys had transferred funds to or from a client. United States v. Haddad, 527 F.2d 537 (6th Cir.1975), cert. denied, 425 U.S. 974 (1976); United States v. Bartone, 400 F.2d 459 (6th Cir.1968), cert. denied, 393 U.S. 1027 (1969). Similarly, we have required an attorney to produce "[a]ll records relating to the wire transfer of $61,625.00 from Metro Facilities, Amsterdam on or about August 17, 1978 to Melnicove, Kaufman & Weiner [Doe's law firm], account # 06 99 882, First National Bank of Maryland, Baltimore (main branch)," and required the attorney to testify in person before the grand jury in connection with these records. Doe, 754 F.2d at 154, 156. The evidence before us suggests that the firm acted purely as the agent for Doe. This act is purely ministerial, and involves no release of confidential information pertaining to legal advice. As amended by the district court, there is no substantial danger that compliance with the subpoena will detract from the purpose for which the privilege exists.
 
 
 19
 We also find that the data, even if a "communication," cannot be "confidential" for purposes of the operation of the privilege. The fact or amount of the disbursement cannot itself be "confidential," because "[w]hen information is transmitted to an attorney with the intent that the information will be transmitted to a third party ... such information is not confidential." United States v. Lawless, 709 F.2d 485, 487 (7th Cir.1983). The request for the disbursement in this amount was clearly intended to be made to third parties, namely Security Title Co. and Greater Bank North Austin, as they either had to authorize or administer the transfer of the funds.
 
 
 20
 Doe argues that his ongoing legal relationship with the firm causes any information that he transferred to that firm to fall under the protection of the privilege. He distinguishes Bartone on its facts, as it is not clear whether Bartone had a pre-existing attorney-client relationship with the attorneys who transferred the funds for him. This argument fails, however, as it is clear that the mere existence of a prior attorney-client relationship does not extend the protection of the privilege to all dealings between the attorney and the client. Donovan, 755 F.2d at 1219; Goldfarb, 328 F.2d at 282.
 
 
 21
 It could be argued, although Doe does not, that the problems posed in determining if the documents sought by this subpoena are protected are analogous to those posed in cases where the identity of the client is sought. While the identity of the client, like the documents here, is generally not protected information, we have recognized three exceptions to that general rule. The identity of the client is privileged information (1) when the identity of the client is material only for the "purpose of showing an acknowledgment of guilt on the part of such client of the very offenses on account of which the attorney was employed"; (2) "where disclosure of identity would be tantamount to disclosing an otherwise protected confidential communication"; or (3) "when disclosure of the identity of the client would provide the 'last link' of evidence" connecting the client to a crime likely to lead to the client's indictment. Grand Jury No. 83-2-35, 723 F.2d at 452-53. One could argue that disclosure of the records demanded here by the subpoena could either lead to an acknowledgment of guilt or provide the last link of evidence.[3] Finally, one could argue that the only way to avoid unwittingly producing that result in this case, where Doe has not alleged these possibilities--perhaps out of fear that raising such an argument would attract attention to other evidence Doe wants concealed--is to require the government to disclose its reasons for wanting the information in an en camera hearing before the district court.
 
 
 22
 We do not believe such a preventive ruling is necessary on our part for many reasons. First, Doe himself could have asked his attorney to raise these concerns, if any were present, as did the target of the investigation in Grand Jury No. 83-2-85. Second, such a preventive ruling would unnecessarily impede and delay the grand jury in accomplishing its proper function of investigating potential crimes. Third, we have already refused to adopt the Third Circuit's requirement that the government must prove to the court the relevancy of the material sought by subpoena from an attorney once a client invokes the attorney-client privilege to prevent his attorney from complying with the privilege. Doe, 754 F.2d at 155. As such a requirement would have solved the potential problems with this subpoena, we hold that we are prevented by our prior holding in Doe from ordering a special hearing here.
 
 C
 
 23
 Doe also argues that compliance with the subpoena is both oppressive and unreasonable because it seeks material protected by the privilege. As such, Doe argues that the government is required by R. Enterprises to disclose to the district court the subject matter of the grand jury investigation before the court may enforce the subpoena.
 
 
 24
 This argument would fail even if the records sought were protected by the privilege. The Court in R. Enterprises did not make a wide-ranging rule that the grand jury must disclose the subject matter of the investigation before a court can enforce compliance with the jury's subpoenas. The Court instead held that "where ... a subpoena is challenged on relevancy grounds, the motion to quash must be denied unless the district court determines that there is no reasonable probability that the category of materials the Government seeks will produce information relevant to the general subject of the grand jury's investigations." R. Enterprises, 111 S.Ct. at 728. The Court then stated that because such a showing cannot be made where the recipient of the subpoena is unaware of the purpose behind the request, "a court may be justified in a case where unreasonableness is alleged in requiring the Government to reveal the general subject of the grand jury's investigation before requiring the challenging party to carry its burden of persuasion. We need not resolve this question in the present case...." Ibid. (emphasis added).
 
 
 25
 Doe's contention that the subpoena seeks protected material is the sole basis for his claim of unreasonability. He does not allege that he is unaware of the purpose of the grand jury investigation, as required by R. Enterprises. Even if he did, he would have to show that there is no reasonable possibility that the records sought in the second paragraph of the subpoena pertained to that purpose. Doe does not even attempt to make this argument. Finally, even if he had, the court was not required by R. Enterprises to force subject matter disclosure, as is evident by the above quotations. Therefore, the district court did not err in failing to require disclosure of the subject matter of the investigation.
 
 III
 
 26
 For the foregoing reasons, the district court's ruling is AFFIRMED.
 
 
 
 *
 The Honorable Robert B. Krupansky became a Senior Circuit Judge on July 1, 1991
 
 
 **
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Because Doe has intervened anonymously, so as to protect his or her identity, we will not reveal the name used in the subpoena on the possibility that it reveals Doe's true name
 
 
 [2]
 Doe also urges that the government is alleging that the "crime/fraud exception" applies to the "communications" sought by the subpoena. We decline to reach this issue because the government has never urged this exception as a justification for the subpoena; it rests solely on the claim that the records sought are not "communications" at all, and hence are completely unprotected by the privilege
 
 
 [3]
 The second exception, disclosure of an otherwise protected confidential communication, is not at issue here because the information sought is not itself confidential, and because the district court has modified the subpoena to prevent any otherwise protected communications from being produced