Herlancer S. ROSS, Plaintiff,

v.

CITY OF MEMPHIS, et al., Defendants.

No. 02–2454 M1/A.

United States District Court,
W.D. Tennessee,
Western Division.

Feb. 18, 2004.

David M. Sullivan, Law Offices of David M. Sullivan, Memphis, TN, for Plaintiff.

Delaine R. Smith, Mary Helen Beard, Louis P. Britt, III, Ford & Harrison, LLP,

Earle J. Schwarz, Glankler Brown, PLLC, Thomas E. Hansom, Debra L. Fessenden, Hansom Law Office, Memphis, TN, for Defendants.

ORDER DENYING WITHOUT PREJU-
DICE PLAINTIFF'S MOTION FOR
RELIEF FROM ORDER ENTERED
SEPTEMBER 23, 2003 AND ORDER
DENYING THE CITY OF MEM-
PHIS' OBJECTIONS TO JUDGE AL-
LEN'S ORDER ON PLAINTIFF'S
THIRD MOTION TO COMPEL

McCALLA, District Judge.

Before the Court is the parties' dispute as to whether Plaintiff should be permitted to obtain discovery regarding the advice Defendant Crews received from the City of Memphis' attorneys. In this case, Defendant Crews asserts that he sought advice from the City's attorneys regarding whether and how to proceed with a hearing and disciplinary action against Plaintiff. Plaintiff seeks discovery on this issue from Defendant Crews and also seeks to depose Louis Britt, Robert Spence, Gerald Thornton, and Steve Townsdin, each of whom is an attorney that has represented the City of Memphis, though not all of these attorneys represent the City in the present case. Plaintiff seeks to discover information from these individuals in order to rebut Defendant Crews' defense of qualified immunity based on the advice of counsel.

With respect to the discovery sought from Defendant Crews, the Plaintiff filed a motion to compel on September 29, 2003, to which Defendant Crews responded on October 15, 2003. Defendant Crews' response deferred to the City of Memphis' claim of privilege with respect to the attorney-client communications. Judge Allen ordered Defendant Crews "to respond to questions regarding legal advice given him (by 'in house' and outside counsel) as to whether (and how) to proceed with the hearing and disciplinary action against plaintiff." *See* October 30, 2003 Order on Plaintiff's Third Motion to Compel (as to Defendant Crews) at 6–7. In issuing the Order, Judge Allen denied the City's claim of privilege with respect to the advice of counsel Defendant Crews received

from the City's attorneys. The City has objected to the Order and the matter is now before this Court.

As to the attorney depositions, the parties initially briefed this matter in August and September of 2003. The matter was referred to Magistrate Judge Allen who denied the City's motion to quash the subpoenas issued to the City's attorneys. Judge Allen's September 8, 2003 Order would have permitted the depositions to proceed on the grounds that Plaintiff sought to depose the attorneys regarding the promotional process litigated in a prior action and there was no justification for preventing the discovery.

On September 18, 2003, the City objected to Judge Allen's Order. Prior to receiving Plaintiff's response, Judge Donald reversed Judge Allen's ruling on September 22, 2003. She held that Plaintiff could not depose the City's attorneys because she had failed to show that no other means existed to obtain the information other than to depose counsel. Not having had an opportunity to respond to the City's objections, Plaintiff filed the present motion for relief from Judge Donald's September 22, 2003 Order. Defendant has had an opportunity to respond to that motion and the matter is now before this Court.

## I.  Discovery from Defendant Crews

■ The City maintains that Defendant Crews' discussions with the City's attorneys are protected from discovery by the attorney-client privilege. The attorney-client privilege extends to protect communications between the attorney and the employees of a corporation. *Upjohn Co. v. United States,* 449 U.S. 383, 397, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The Sixth Circuit has assumed without deciding the issue that a municipal corporation, such as the City of Memphis, may invoke the attorney-client privilege. *Reed v. Baxter,* 134 F.3d 351, 356 (6th Cir. 1998); *United States v. Doe (In re Grand Jury Subpoena),* 886 F.2d 135, 138 (6th Cir. 1989). Therefore, the legal advice Defendant Crews sought from the City's attorneys in his capacity as the Director of Police is sub-

ject to the attorney-client privilege.[1] The City of Memphis, as the client, would typically hold the privilege with respect to these communications. *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 215 (2d Cir.1997).

The City reiterates that it does not waive its privilege regarding the communications between Defendant Crews and the City's attorneys. The City's attorney objected to discovery and deposition testimony from Defendant Crews that would disclose privileged information. As a *former* employee, Defendant Crews could not waive the privilege on behalf of the City. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) (finding that only current management can assert the corporation's attorney client privilege). Defendant Crews continues to defer to the City's objections regarding the application of the attorney-client privilege to these communications.

■ However, "the attorney-client privilege cannot at once be used as a shield and a sword... Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991). A client may impliedly waive the attorney client privilege by asserting the defense of advice of counsel in litigation. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir.1995).

The interesting twist in this case is that the client at the time the advice was given was the City of Memphis, which claims it does not assert advice of counsel as a defense and has not waived the attorney-client privilege. Defendant Crews, on the other hand, is sued in his individual capacity, to which he asserts advice of counsel as a defense based on the advice he received from the attorneys for the City of Memphis while acting in his official capacity. The case law on this peculiar issue is sparse but the Court has located several relevant opinions.

One court has held in a 42 U.S.C. § 1983 case alleging that individual state actors violated the plaintiff's civil rights that "due to the nature of the case, which proceeds on the theory that defendants acted in their individual capacities in allegedly violating plaintiff's constitutional rights, defendants are stripped of their immunity as state officers and will be treated as individuals for purposes of evaluating the breadth of the attorney-client privilege." *Hearn v. Rhay*, 68 F.R.D. 574, 579–80 (E.D.Wash.1975). The court in *Hearn* went on to find "a new and narrowly limited exception to the attorney client privilege, which applies to civil rights suits against state officials under 42 U.S.C. § 1983, wherein the defendant asserts the affirmative defense of good faith immunity." *Id.* at 580. Ultimately the court found that the individual defendants impliedly waived the attorney-client privilege by putting the advice of counsel at issue, which necessitated disclosure of legal advice and confidential communications. *Id.* at 582–83.

Similarly, in *Mitzner v. Sobol*, 136 F.R.D. 359, 361–362 (S.D.N.Y.1991), the court found that the defendants (a school district and several individual defendants) in a civil rights whistleblower litigation could not claim attorney-client privilege regarding their communications with the State Education Department's counsel. The court found a "fundamental unfairness and double standard" where the State Education Department and its employees sought to prevent a single employee, the plaintiff, from discovering information "gathered as part of an internal investigation ... ultimately used for a purpose adverse to that [employee]." *Id.* at 361. The court also noted that the defendants had waived the privilege by asserting the defense of qualified immunity. *Id.* at 362.

The same rationales of dual clients and unfairness have been discussed in the corporate context. *In re Nat'l Smelting of New Jersey, Inc. Bondholders Litig.*, 1989 U.S. Dist. Lexis 16962, *35–*40 (D.N.J. June 29, 1989). Much like the case before this court,

---

1. The Court is mindful of the Sixth Circuit's caution that the attorney-client privilege should be examined carefully with respect to a municipal corporation because "a governmental privilege stands squarely in conflict with the strong public interest in open and honest government." *Reed*, 134 F.3d at 356.

the plaintiff in *National Smelting* sought privileged information regarding legal advice the company's counsel gave to one of the company's directors, who relied upon that advice in his capacity as an officer and director in connection with a bond transaction. *Id.* at *38. The director was a defendant in a subsequent litigation regarding the bond transaction in which he asserted advice of counsel as a defense.[2] *Id.* The court found that, fundamentally, the director defendant "was a person in the position of a client of [the attorneys].... In effect, [the attorneys] had multiple clients—the corporate client ... and the corporate director/officers such as [the defendant]—who would be making the decisions." *Id.* at *38–*39. The court went on to state that "critical elements of the attorney-client relationship have been shown to exist between [the defendant], as an officer and director of [the company], and [the attorneys]." *Id.* at *39. The court also turned to the concept of fairness, both to the director who wished to disclose the communications in his own defense, and to the plaintiff who sought to penetrate the defense. Ultimately, the court held that "the refusal of [the company's] board to waive the corporation's attorney client privilege is overcome by the demands for fairness to these litigants" and found that the company and its attorneys were estopped from claiming the attorney-client privilege. *Id.* at *39–*40.

■ The same dual reasoning used in all three of these cases applies either directly or by analogy to the present case of a plaintiff suing a municipality and its executives in their individual capacities. Defendant Crews stands somewhat in the nature of a client with respect to the advice he received from the City's attorneys because he is now subject to suit in his individual capacity based on actions he asserts he took in reliance upon the advice he received. The Court is well aware that an officer who seeks advice from corporate counsel in his or her individual capacity must generally "make it clear to corporate counsel that he seeks legal advice on personal matters" in order for a personal

privilege, rather than the corporation's privilege, to attach to the communications. *Int'l Bhd. of Teamsters,* 119 F.3d at 215. However, in this peculiar case where Defendant Crews is sued in his individual capacity for actions taken in reliance on the advice of the City's counsel, equitable notions of fairness dictate that he be entitled to the right to disclose this information. The City's privilege must give way to Defendant Crews' right to mount a defense in the case against him individually. As such, the City of Memphis can not prevent him from waiving the attorney-client privilege with respect to these communications.

■ Moreover, Defendant Crews has raised the defense of qualified immunity based on the advice of counsel, which impliedly waives the attorney-client privilege with respect to the advice he received. Plaintiff is entitled to this information in order to rebut the qualified immunity defense. Despite the existence of a valid attorney-client privilege, the advice of counsel defense makes it necessary and appropriate for Plaintiff to obtain discovery from Defendant Crews on the issue of the advice he received from the City's attorneys. Therefore, the Court DENIES Defendant City of Memphis' objections to Judge Allen's Order on Plaintiff's Third Motion to Compel. The parties are ORDERED to complete all discovery with respect to Defendant Crews within thirty (30) days. If Defendant Crews refuses to offer discovery as to the advice he received from the City's attorneys, he will be estopped from asserting the affirmative defense of good faith based on the advice of counsel in this litigation.

## II. Depositions of the City of Memphis' Attorneys

The City also asserts the attorney-client privilege and attorney work product in its papers seeking to prevent the depositions of its attorneys.

■ The Federal Rules of Civil Procedure do not prohibit a party from deposing oppos-

---

2. The corporation, having filed for bankruptcy, was not a defendant in the litigation. However, the corporation's former attorneys, as third-party defendants, asserted attorney-client privilege

with respect to discovery concerning legal advice given to the director because the corporation refused to waive the privilege.

ing counsel. *See* Fed.R.Civ.P. 30(a)(1) ("A party may take the testimony of *any person* ..."). However, Courts generally limit the deposition of opposing counsel to situations where the party seeking the deposition can show that "(1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986)). Judge Donald concluded in her September 22, 2003 Order that the information sought to be obtained from the City's attorneys is readily available from other sources.

■ It is evident from Plaintiff's initial brief on this issue that the information sought from Mr. Thornton and Mr. Townsdin is readily available from other sources known to Plaintiff and her counsel. As such, Plaintiff will not be permitted to depose these individuals. The Court DENIES Plaintiff's motion for relief from Judge Donald's Order as to Mr. Thornton and Mr. Townsdin.

■ With respect to Louis Britt and Robert Spence, Defendant Crews asserts a defense of qualified immunity based in part on advice he received from these particular attorneys. In order to refute the defense of good faith based on the advice of counsel, a plaintiff is generally permitted to depose the attorneys who provided the advice that becomes the basis for the defense. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 n. 2 (M.D.N.C.1987). However, as a result of the Court's ruling regarding discovery from Defendant Crews, *supra*, the discovery sought from Mr. Britt and Mr. Spence is now available from Defendant Crews. "If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the

attorney is not a necessary witness." *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D.Ind.1998). Moreover, the deposition of a party's attorney is usually both burdensome and disruptive, particularly where, as here, one of the attorneys is acting as counsel in the litigation.

For the time being, the Court DENIES the motion for relief from Judge Donald's Order as to Mr. Britt and Mr. Spence without prejudice.[3] The parties should complete discovery with respect to Defendant Crews and then evaluate the need for depositions from opposing counsel. The Court will consider a renewed request at that time if Plaintiff believes a need still exists to depose counsel. The Court encourages the parties to attempt to resolve the issue themselves before motioning the Court for such discovery.

---

**3.** Plaintiff also argued in her papers that the City itself asserts the defense of "good faith based upon a reasonable investigation", (City's Answer, Defense ¶ 4), which should permit her to depose counsel. The City claims that it does not assert reliance upon advice of counsel as a defense in this action. It is not clear to the Court at this time whether the "reasonable investigation" undertaken by the City includes advice received

from counsel. Therefore, this can not presently serve as a basis to compel the City's attorneys to testify. If it should become clear that advice of counsel constitutes part of the City's reasonable investigation defense, the Court will compel the City's attorneys to provide discovery on this point and submit to depositions or preclude the assertion of this defense.